David M. Carter (DC 2188)
Francesco Sardone (FS 5557)
CARTER, DELUCA, FARRELL & SCHMIDT, LLP
445 Broad Hollow Road, St 420
Melville, New York 11747
Telephone: (631) 501-5700
Facsimile: (631) 501-3526
dcarter@cdfslaw.com

Cara R. Burns (CB 1071)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 383
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
cburns@hmkblawyers.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 14 2018 ★

LONG ISLAND OFFICE

CV18 3468

FEUERSTEIN, J.

LOCKE, M. J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X

LIVE NATION MERCHANDISE, INC.,

    Plaintiff,

v.

JOHN DOES 1-100, JANE DOES
1-100 AND XYZ COMPANY,

    Defendants.
_____X

CIVIL ACTION NO. 2:18-cv-

COMPLAINT FOR
TRADEMARK INFRINGEMENT
AND LANHAM ACT
VIOLATIONS

Plaintiff Live Nation Merchandise, Inc., by its attorneys, files this complaint against defendants, alleging as follows:

## JURISDICTION AND VENUE

1. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b) because defendants will be

1

selling and distributing infringing merchandise at the Northwell Health at Jones Beach Theater on Saturday, June 23, 2018.

## PARTIES

2. Live Nation Merchandise, Inc. ("Plaintiff") is a Delaware corporation with its principal place of business in San Francisco, California.

3. Defendants John Does 1-100, Jane Does 1-100 and XYZ Company are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the individual defendants and defendant XYZ Company through its agents, servants and employees, are or will be present in and about the Eastern District of New York, Nassau County, in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

6. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Tour Merchandise") which embody the trademarks, service marks, likenesses, logos and other indicia musical performers.

7. "**LYNYRD SKYNYRD**" (the "Group") is the trademark used by these performers in connection with their performing, recording, merchandising and other related goods in all aspects of the entertainment industry and to distinguish their services from all other such groups. The Group has used their marks in connection with their recording, performing and merchandising services for over 40 years.

8. The Group has obtained for its "**LYNYRD SKYNYRD**" trademark U.S. Trademark Registration: No. 2268065 for use in connection with International Class ("IC") 25 clothing, namely, T-shirts, sweatshirts, hats and bandannas, Registration No. 2271355 for use in connection with IC 41 entertainment services, namely entertainment in the nature of live performances by a musical group, and Registration No. 2240157 for use in connection with IC 09 recordings namely pre-recorded compact discs, audio cassettes, video cassettes, albums, and sound recordings featuring musical performances. The marks were registered nearly twenty years ago and are now incontestable.

9. Pursuant to an agreement between the Group and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, service marks, likenesses, logos and other indicia of the Group (collectively, the "Group's Trademarks") on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale in the vicinity of the Group's present United States tour (the "Tour").

10. The Group has used their Group's Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish their marks from those of others by, among other things, prominently displaying the Group's Trademarks on recording covers and merchandise, including T-shirts and other apparel.

11. The Group has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Group has appeared in concerts at major arenas and stadiums in the United States, and throughout the world and has been seen and heard in concert by millions of popular music enthusiasts. The previous tours by the Group were attended by hundreds of thousands of people.

12. As a result of the foregoing, each of the Group's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of merchandise bearing any or all of the Group's Trademarks. Plaintiff and the Group annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the Group's Trademarks.

13. On Saturday, June 23, 2018 at Northwell Health at Jones Beach Theater, in Wantagh, New York, the Group will perform (the "Concert"). Authorized Tour Merchandise bearing any or all of the Group's Trademarks will be sold throughout the United States in connection with the Tour including but not limited to at the Concert.

## DEFENDANTS' UNLAWFUL CONDUCT

14. On information and belief, Defendants, also known as "Bootleggers" will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Group's Trademarks (the "Infringing Merchandise" or "Bootleg Merchandise") in the vicinity of the Concert, before, during and after their performance, and at subsequent concerts during the Tour.

15. The Infringing Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Infringing Merchandise is not authorized by the Group or Plaintiff.

16. The Infringing Merchandise sold and to be sold by Defendants is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the reputation of the Group which has developed by virtue of their public performances and the reputation for high quality associated with Plaintiff and Authorized Tour Merchandise.

17. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Infringing Merchandise is authorized, sponsored or approved by the Group and/or Plaintiff and that such Infringing Merchandise is subject to the same quality control and regulation required by the Group and/or Plaintiff, despite the fact that this is not true. It also injures Group and Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

18. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing trademarks, service marks, likenesses, logos and other indicia of the Group constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants of the Group's Trademark also constitutes an attempt to palm off and appropriate to themselves the Group's and Plaintiff's exclusive rights therein.

19. Upon information and belief, Defendants will continue to engage in such infringing activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Group.

20. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

### FIRST CLAIM FOR RELIEF
(Infringement of Registered Trademark)

21. Plaintiff realleges each allegation set forth in the paragraphs above.

22. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

## SECOND CLAIM FOR RELIEF
### (Violation of the Lanham Act)

23. Plaintiff realleges each allegation set forth in the paragraphs above.

24. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Unauthorized Merchandise.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Live Nation Merchandise, Inc. seeks relief against Defendants as follows:

**A.** As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the trademarks, service marks, likenesses, logos and other indicia of the Group or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B.      As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Unauthorized Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within or in the vicinity of the arenas at which the Group is performing, whether this occurs before, during or after all concerts on the Tour.

C.      That Defendants deliver up for destruction all Unauthorized Merchandise.

D.      As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

E.      As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: June 14, 2018

Respectfully submitted,

By: _____
David M. Carter (DC 2188)
Francesco Sardone (FS 5557)
CARTER, DELUCA, FARRELL & SCHMIDT, LLP
445 Broad Hollow Road, Suite 420
Melville, New York 11747
Telephone: (631) 501-5700
Facsimile: (631) 501-3526
dcarter@cdfslaw.com
fsardone@cdfslaw.com

Cara R. Burns (CB 1071)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 300
Santa Monica, California 90405
Telephone: 310-314-1721
Facsimile: 310-314-1725
cburns@hmkblawyers.com

Attorneys for Plaintiff